UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE STEWART, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02032-DLB PC<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>ECF No. 1 |

## I.    Background

Plaintiff Jermaine Stewart, Jr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 14, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.    Summary of Complaint

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: warden K. Harrington, and correctional officers Herrera, Perez, and Buyard.

Plaintiff alleges the following.  On September 14, 2011, at 7:30 a.m., Plaintiff was walking back to his cell from breakfast when he slipped and fell on some water.  Plaintiff hurt his back and his head.  Defendant Herrera was working the tower control that day.  Defendant Perez was the officer who assisted Plaintiff until a medical technical assistant came.  Defendant Buyard took Plaintiff to the medical ward for examination and x-rays.

Plaintiff requests unspecified relief.

## III.   Analysis

It is unclear what constitutional or federal violation allegedly occurred.  The Court will construe Plaintiff's claim as one for violation of the Eighth Amendment.  The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes,* 452 U.S. at 347. To prevail on a claim that a prisoner's Eighth Amendment right to humane conditions of confinement were violated, the prisoner must prove that the prison official knew of and disregarded an excessive risk to the prisoner's safety, which was presented by the conditions of his confinement. *Robinson v. Prunty,* 249 F.3d 862, 866

(9th Cir. 2001). A claim challenging a prisoner's condition of confinement is analyzed under the deliberate indifference standard. *Farmer,* 511 U.S. at 833-34.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious. *Farmer,* 511 U.S. at 833-34. In determining whether a deprivation is sufficiently serious to satisfy the first component of the deliberate indifference standard, a court must consider the circumstances, nature, and duration of the deprivation. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). The more basic the need, the shorter the time it may be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the prison official must have a "sufficiently culpable state of mind," that is, one of deliberate indifference to the inmate's health or safety." *Farmer,* 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment only if he knows the inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 847. "[D]eliberate indifference describes a state of mind more blameworthy than negligence" but does not require a "purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Liability requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff fails to state a claim against any Defendants. Plaintiff alleges no facts which indicate that Defendants Harrington or Herrera took any action that deprived Plaintiff of his constitutional or federal rights. Plaintiff's allegations against Defendants Perez and Buyard indicate that they actually assisted Plaintiff after he fell. Plaintiff fails to allege any facts which indicate that any Defendants violated Plaintiff's constitutional or federal rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

### IV.   Conclusion and Order

Plaintiff fails to state a claim against any Defendants. Plaintiff cannot amend his pleadings to

1 cure the deficiencies identified.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).
2 Based on the foregoing, it is HEREBY ORDERED that this action is dismissed with prejudice for
3 failure to state a claim upon which relief may be granted.  The Clerk of the Court is directed to close
4 this action.

IT IS SO ORDERED.

    Dated: __**June 6, 2013**__        /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE